UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SE'KOU ABU MALIK MENEL EL (ex rel. Rodney D. Anderson) and SUTEN KHAI BARUTI CHE EL (ex rel. Steven L. Smith), <br><br> Plaintiffs, <br><br> v. <br><br> DELAWARE RIVER PORT AUTHORITY, et al., <br><br> Defendants. | 1:20-cv-06133-NLH-AMD <br><br> **OPINION** |

**APPEARANCES:**

DSE'KOU ABU MALIK MENEL EL
7606 RIVER ROAD
PENNSAUKEN, NJ 08110

SUTEN KHAI BARUTI CHE EL
113 COLTS NECK DRIVE
SICKLERVILLE, NJ 08081

    Plaintiffs appearing *pro se*

**HILLMAN, District Judge**

    Plaintiffs, Se'kou Abu Malik Menel El (ex rel. Rodney D. Anderson) and Suten Khai Baruti Che El (ex rel. Steven L. Smith), filed a complaint alleging violations of their federal constitutional rights, among other claims, without submitting the required filing fee or filing applications to proceed in forma pauperis ("IFP").

    Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process,

or render any other service for which a fee is prescribed, unless the fee is paid in advance.  The entire fee to be paid in advance of filing a civil complaint is $400.  Under Title 28, section 1915 of the United States Code, however, a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application.  28 U.S.C. § 1915(a)(1).

    Because Plaintiffs have failed to pay the filing fee or submit IFP applications, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]  Plaintiffs will be granted leave to apply to re-open within 45 days by either paying the filing fee or submitting the proper IFP applications.  Each Plaintiff is required to submit his own IFP application if Plaintiffs choose that route rather than submitting the $400 filing fee.  An appropriate Order follows.

Date: April 5, 2021            s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).